# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## KENNETH CARPENTER V. DAVID METLER, STATE FARM INSURANCE & CORTESE TREE SPECIALIST, INC.

**Direct Appeal from the Circuit Court for Knox County**
**No. 35910       Wheeler A. Rosenbalm, Judge**

**No. E2011-00415-COA-R3-CV-FILED-JULY 25, 2011**

Appellant filed a notice of appeal for a non-final judgment entered by the trial court. We dismiss the appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

HIGHERS, ALAN E., P.J.W.S., FARMER, DAVID R., J., and KIRBY, HOLLY M., J.

Russell Egli, Knoxville, Tennessee, for the appellant, Kenneth Carpenter.

Matthew Joshua Evans, Knoxville, Tennessee, for the appellees, David Metler, State Farm Insurance, and Cortese Tree Specialist, Inc.

### MEMORANDUM OPINION[1]

Appellant Kenneth Carpenter filed the instant lawsuit in the Circuit Court of Knox County, Tennessee, and named as defendants David Metler, State Farm Insurance and Cortese Tree Specialist, Inc. ("Cortese Tree"). Subsequently, Cortese Tree filed a motion to dismiss which was ultimately granted by the trial court by order entered on February 18, 2011. The trial court's order of February 18, 2011, did not affect the pending litigation as to the remaining defendants and the

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

order was not made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.[2]  On February 23, 2011, Appellant filed a Notice of Appeal of the trial court's order of February 18, 2011.

Appellee Cortese Tree filed a motion to dismiss this appeal on April 21, 2011, asserting that the order appealed was not a final judgment and that this Court lacks jurisdiction to hear this matter. Appellee also requested an award of its expenses for this appeal.  On April 27, 2011, Appellant filed a response in which Appellant indicated that he had filed a motion to amend the trial court's order to include a Rule 54.02 certification for a final judgment.  Appellant also stated that he withdrew his current Notice of Appeal and requested leave to re-file another Notice of Appeal after a final judgment was entered by the trial court.

On May 18, 2011, the Court entered an order denying the motion to dismiss, but directed Appellant to obtain a final judgment within thirty (30) days of the entry of that Order.[3]  Our Order of May 18, 2011, also provided "[i]n the event that Appellant does not obtain entry of a final judgment within the time provided herein, Appellant shall have thirty-five (35) days from the entry of this Order to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment."  Appellant then submitted a notice on June 27, 2011, which stated that the trial court had denied Appellant's request to certify the order appealed as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable.  Except where otherwise provided, this Court only has subject matter jurisdiction over final orders.  *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).  In light of the foregoing, it is apparent that the order appealed in this matter is not a final judgment and therefore, this Court lacks jurisdiction to hear this matter.

---

[2] Rule 54.02 of the Tennessee Rules of Civil Procedure provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

T.R.C.P. 54.02.

[3] Initially upon Appellee's motion to dismiss the appeal and Appellant's response, this Court filed a memorandum opinion on May 12, 2011, dismissing this appeal for lack of jurisdiction.  Then, on May 16, 2011, the Court withdrew its opinion and judgment in this matter and assigned this appeal to the Western Section of the Court of Appeals for disposition.

Consequently, we must dismiss this appeal.

## Conclusion

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction. Moreover, Appellee Cortese Tree's request for an award of its expenses is respectfully denied. Costs of this appeal are taxed to the appellant, Kenneth Carpenter, and his surety for which execution may issue if necessary.

**PER CURIAM**